

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*     *(503) 727-1000*
*Portland, OR   97204-2902*      *Fax: (503) 727-1117*

*Scott M. Kerin*                                                         *Scott.Kerin@usdoj.gov*
*Assistant U.S. Attorney*                                                       *(503) 727-1002*

June 26, 2012

Lisa Ludwig
Attorney at Law
811 S.W. Naito Parkway, Suite 500
Portland, OR 97204

Re:  *United States v. Gregory Edward Paccone Jr.,* **Case No. 3:11-CR–91-BR**
      **Amended Plea Agreement**

Dear Ms. Ludwig:

After reviewing the mitigation materials you provided and in an effort to resolve your client's case, the government proposes the following amended plea offer.

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:  Defendant agrees to **plead guilty to Counts 1 and 2** of the indictment which charges him with **Felon in Possession of a Firearm,** in violation of 18 U.S.C. § 922(g)(1).

3.      **Penalties**:  The maximum penalty, per count, is not more than 10 years imprisonment, a fine of up to $250,000, and a three-year term of supervised release.  There is also a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the court why this cannot be done.

4.      **Dismissal/No Prosecution**:  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement, and to dismiss Counts 3, 4, 5, and 6 at the time of sentencing.

5.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

Revised 7-21-08

*U.S. v. Paccone Jr.,* Case No. 3:11-CR–91-BR
**Amended Plea Agreement**
**Page 2**

factors listed in 18 U.S.C. 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.   <u>**Factual Summary and Elements**</u>: The parties agree that:

A.   As to Count 1:

(1)   On or about August 13, 2010, in the District of Oregon, the defendant knowingly and unlawfully possessed a firearm, to-wit: a Ruger, Model P-89, 9mm semiautomatic handgun, Serial Number 305-52674.

(2)   That the firearm had previously been transported in interstate commerce.

(3)   At the time he possessed the firearm he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to-wit: Possession for Sale of a Controlled Substance, to wit: Methamphetamine, on or about January 3, 2000, in the Municipal Court for the County of Alameda, State of California, Docket Number H27626.

B.   As to Count 2:

(1)   On or about August 11, 2010, in the District of Oregon, the defendant knowingly and unlawfully possessed a firearm, to-wit: a Colt, Model 94, 25 caliber pistol, Serial Number 232222.

(2)   That the firearm had previously been transported in interstate commerce.

(3)   At the time he possessed the firearm he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to-wit: Possession for Sale of a Controlled Substance, to wit: Methamphetamine, on or about January 3, 2000, in the Municipal Court for the County of Alameda, State of California, Docket Number H27626.

7.   <u>**Estimated Offense Level:**</u>

A.   **Base Offense Level**: The parties believe that defendant's **Base Offense level is 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A)**.

B.   There is no agreement as to defendant's criminal history or the applicability of any other advisory sentencing guideline adjustments. These guideline calculations are set forth as estimates only and the parties understand that the final guideline

*U.S. v. Paccone Jr.*, Case No. 3:11-CR-91-BR
Amended Plea Agreement
Page 3

calculations will be determined by the Court following the receipt of a
Presentence Report and these initial estimates are not binding upon the parties.

8.      <u>Acceptance of Responsibility</u>:  Defendant must demonstrate to the Court that he fully
admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.
If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense
level (two levels if defendant's offense level is less than 16).  The USAO reserves the right to
change this recommendation if defendant, between plea and sentencing, commits any criminal
offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts
inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.      <u>Sentencing Recommendation</u>:  Pursuant to 18 U.S.C. § 3553(a), as long as defendant
demonstrates an acceptance of responsibility as explained above, the **parties will recommend**
that the Court sentence the defendant to **the low-end of his sentencing guideline range, to be
followed by a three-year term of supervised release**.  The government will ask that continued
participation in drug and alcohol treatment and/or aftercare programs, such as AA or NA, be a
condition of the defendant's supervised release.

10.     <u>Additional Departures, Adjustments, or Variances</u>:  The parties agree not to seek any
departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a
sentence outside of that range, except as specified in this agreement.

11.     <u>Fine</u>:  The government will not seek a fine in this matter.

12.     <u>Community Service</u>:  As a condition of the defendant's supervision the parties will ask
the Court to require the defendant to perform, within the first year of his supervised release, **80
hours of community service** at a drug and alcohol treatment facility/program or at some
program in which the defendant will assist others dealing with alcohol and/or substance abuse
issues.  Whatever program the defendant elects to perform his community service at must be
approved, in advance, by the Court and the U.S. Probation Office.

13.     <u>Waiver of Appeal/Post-Conviction Relief</u>:  Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 5K, or (3) the Court exercises its discretion under 18 U.S.C. §
3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should
defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on
appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28
U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on
grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and
18 U.S.C. § 3582(c)(2).

**Revised 7-21-08**

*U.S. v. Paccone Jr.,* **Case No. 3:11-CR–91-BR**
**Amended Plea Agreement**
**Page 4**

14.      **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.      **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.      **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17.      **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.      **Deadline**: This plea offer expires on **July 6, 2012.**

Sincerely,

S. AMANDA MARSHALL
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN
Assistant United States Attorney

*U.S. v. Paccone Jr.,* Case No. 3:11-CR–91-BR
**Amended Plea Agreement**
**Page 5**

### *United States v. Gregory Edward Paccone Jr.,* Case No. 3:11-CR–91-BR
### Acceptance of Amended Plea Agreement

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I am satisfied with the representation by attorney has provided to me. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8·8·12
_____                          _____
Date                                           Gregory Edward Paccone Jr.
                                               Defendant


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_____                          _____
Date                                           Lisa Ludwig
                                               Attorney for Defendant


Revised 7-21-08